UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY PAYNE,<br>  Plaintiff, | Case No. 1:20-cv-763<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>  Defendant. | REPORT AND<br>RECOMMENDATION |

Plaintiff Michael Anthony Payne brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for child's disability benefits (CDB). This matter is before the Court on plaintiff's statement of errors (Doc. 12), the Commissioner's response in opposition (Doc. 14), and plaintiff's reply (Doc. 15).

**I. Procedural Background**

Plaintiff was born in 1973 and turned 22 in May 1995. He previously received supplemental security income (SSI) as a child and received such benefits from August 1980 through January 1994, when he was incarcerated for more than 12 months. (Tr. 15). Plaintiff was released from prison in 2003.

In August 2009, plaintiff filed an application for disability insurance benefits and child's disability benefits. Both claims were denied initially and on reconsideration on September 24, 2010. (Tr. 68). Plaintiff did not further appeal the denial decision. (Tr. 19).

Plaintiff reapplied for child's disability benefits on June 8, 2017. (Tr. 178). The application was denied initially and upon reconsideration. Plaintiff then requested and was granted a *de novo* hearing before administrative law judge (ALJ) Christopher Tindale. On

November 25, 2019, the ALJ issued a decision denying plaintiff's child's disability benefits application. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

Child's benefits based on disability are provided for under 42 U.S.C. § 402(d). A claimant may be entitled to child's disability benefits if he is at least 18 years old and has a disability that began before he turned 22 years old. 20 C.F.R. § 404.350(a)(5). *See also Miller v. Shalala*, 859 F. Supp. 297, 298 (S.D. Ohio 1994) (quoting 42 U.S.C. § 402(d)(1)(B)(ii)) (a requirement for child's disability benefits is that the claimant be "under a disability . . . which began before he attained the age of 22. . . ."). To qualify for child's disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

To establish eligibility for child's disability benefits, the claimant must show: (1) that he "was disabled on or before [his] birthday (here, the twenty-second birthday); and (2) that such disability continue[d] to the date of the application." *Miller v. Shalala*, 859 F. Supp. 297, 300 (S.D. Ohio 1994) (citing *Futernick v. Richardson*, 484 F.2d 647 (6th Cir. 1973)). *See also Baker v. Barnhart*, 101 F. App'x 992, 993 (6th Cir. 2004) ("To satisfy the requirements of child insurance benefits, [the claimant] must establish . . . that she was disabled as a child or that she is

disabled as an adult and that she was continuously disabled from the date of her twenty-second birthday . . . through the date that she applied for benefits.") (citing 42 U.S.C. § 402(d)(1); *Futernick,* 484 F.2d at 648); *Reyes v. Sec'y of Health, Ed. & Welfare*, 476 F.2d 910, 915 n.5 (D.C. Cir. 1973) (noting legislative history of § 202(d)(1)(B)(ii), indicating that "Congress intended to provide benefits for children who were permanently disabled prior to age 18 [now 22] and have remained so continuously to the present time.") (citing S. Rep. No. 2133, 84th Cong., 2d Sess. 2, 5-6 (1956), U.S. Code Cong. & Admin. News 1956, p. 3877; H. R. Rep. No. 1189, 84th Cong., 2d Sess. 2 (1955)). "Proof that [a claimant] has engaged in 'substantial gainful activity' at any point during the relevant time period would demonstrate that his disability has not been continuous, at least for the purposes of retroactive child disability benefits." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (citing *Futernick*, 484 F.2d at 648). *See also Baker*, 101 F. App'x at 993 ("[A] child who performs substantial gainful activity after age twenty-two is not entitled to child's insurance benefits.").

    B.  The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

1. Born on May [], 1973, the claimant had not attained age 22 as of May [], 1973, the alleged onset date (20 CFR 404.102 and 404.350(a)(5)).

2. The claimant has not established that he was under a disability that began prior to age 22 and continued through the date of his application for child's benefits.

(Tr. 17-18). The ALJ noted that eligibility for CDB requires a claimant to show he "ha[s] been disabled, [as defined by the Act], *since* prior to his 22nd birthday." (Tr. 18,

3

quoting Hallex I-2-2-91(A)) (emphasis added by ALJ). Relying on examples set forth in POMS DI 11020.050(B), the ALJ determined that plaintiff did not meet CDB's continuous disability requirement in two ways. First, plaintiff performed substantial gainful activity after he attained age 22. Second, plaintiff's previously filed and denied application had no potential for reopening under 20 C.F.R. § 404.988(c).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives

the claimant of a substantial right." *Rabbers,* 582 F.3d at 651 (quoting *Bowen,* 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### D. Specific Errors

On appeal, plaintiff argues that: (1) the ALJ erred by applying the wrong legal standard when he denied plaintiff's new application for child's disability benefits based on the reopening regulation, 20 C.F.R. § 404.988; and (2) the ALJ's finding that plaintiff performed substantial gainful activity is not supported by substantial evidence. (Doc. 12 at PAGEID 637).

Plaintiff first alleges the ALJ employed the incorrect legal standard by relying on 20 C.F.R. § 404.988[1], the regulation governing the reopening of prior applications. Plaintiff alleges he never requested that Social Security reopen his previously denied application from 2010. Instead, plaintiff states he filed a new claim for CDB, and nothing in § 404.988 prohibits the filing of a new claim for Social Security benefits after a prior final decision was made. (Doc. 12 at PAGEID 637).

---

[1] Social Security regulations permit the reopening and revising of determinations and decisions made in the administrative review process under certain conditions. Section 404.988 governs the conditions for reopening and provides:

> A determination, revised determination, decision, or revised decision may be reopened—
>
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
> (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case. . . .

20 C.F.R. § 404.988. Subsection (c) governs circumstances permitting reopening "at any time," none of which arguably apply in this case.

The ALJ determined that plaintiff did not satisfy the eligibility requirements for child's disability benefits because "there is a prior final decision with no potential for reopening that found that [plaintiff] was not disabled prior to age 22." (Tr. 19). The ALJ cited to POMS (Program Operations Manual System)[2] DI 11020.050(B), which governs technical denials. The POMS addresses situations where CDB claims should be denied because they "involve evidence that there was a period(s) where the individual was not disabled after attainment of age 22." (Tr. 18). One such situation includes where "SSA made a prior determination (on or after January 6, 1986) that the claimant was not disabled prior to age 22, [and] there is no potential for reopening." (Tr. 19). Applying the POMS guidance, the ALJ determined that plaintiff's CDB claim should be denied:

> The claimant previously filed an application for disability insurance benefits and child's benefits on August 31, 2009, and a final determination was issued denying both claims on September 24, 2010. (See Exhibit 3A, p. 2). While the regulations allow reopening of a Title II claim up to four years later for good cause, the claimant did not file his current application until June 2017 – well beyond the four-year threshold. (20 CFR § 404.988(b); Hallex § I-2-9-40). The regulations also permit reopening at any time under a limited set of situations that are specifically defined in the regulations, but none of which are present in this case. (20 CFR § 404.988(c)).

(*Id.*).

While plaintiff takes issue with the ALJ's consideration of § 404.988, the reopening regulation, plaintiff neither cites, discusses, nor challenges the ALJ application of the relevant POMS in the instant situation. The POMS is used internally by employees of the Social Security Administration in evaluating Social Security claims. While the POMS "does not have the force

---

[2] *See* https://secure.ssa.gov/poms.nsf/lnx/0411020050 (last visited on Nov. 17, 2021).

and effect of law, it is nevertheless persuasive." *Davis v. Sec'y of Health & Hum. Servs.*, 867 F.2d 336, 340 (6th Cir. 1989) (citing *Evelyn v. Schweiker*, 685 F.2d 351 (9th Cir. 1982)).

The undersigned finds that the ALJ's decision to consider § 404.988, the reopening regulation, in the context of plaintiff's 2017 application was not erroneous and in accordance with Social Security policy. As noted by the ALJ, plaintiff had previously applied for CDB in August 2009. That application was denied initially and on reconsideration in September 2010. Plaintiff did not appeal that denial. As a result, the reconsideration denial decision became final and binding for the relevant time period (August 2009 through September 2010). *See Harper v. Sec'y of Health & Hum. Servs.*, 978 F.2d 260, 264 (6th Cir. 1992) ("The regulations promulgated by the Secretary make it clear that an unappealed denial upon reconsideration is a final decision.") (citing 20 C.F.R. § 404.921) (specifying when a reconsideration determination is "binding")[3]. The denial of plaintiff's August 2009 CDB application established he was not disabled for purposes of CDB for the period of August 2009 to September 2010. Plaintiff cannot meet CDB's continuously disabled requirement, i.e., that he was continuously disabled from age 22 to the date of his 2017 application, because there is an intervening final and binding adjudicated period of nondisability. Without the reopening of the prior 2009 application under § 404.988, which would permit revising the 2010 denial decision made in the administrative review process, plaintiff cannot show he was continuously disabled from age 22 through the date

---

[3] 20 C.F.R. § 404.921 provides:

> The reconsidered determination is binding unless—
> (a) You or any other party to the reconsideration requests a hearing before an administrative law judge within the stated time period and a decision is made;
> (b) The expedited appeals process is used; or
> (c) The reconsidered determination is revised.

of his subsequent 2017 application. As there was a previous period where plaintiff was found not disabled after he attained age 22, he cannot meet the continuous disability requirement for CDB without the reopening of the first application under 20 C.F.R. § 404.988.[4] *See Futernick*, 484 F.2d at 648. The Court finds the ALJ's consideration of the reopening regulation was proper in determining whether plaintiff could meet the CDB requirments. The ALJ did not apply an erroneous legal standard in this case.

Second, plaintiff contends the ALJ's finding that plaintiff worked at substantial gainful activity levels after he attained age 22 is not supported by substantial evidence. Even if plaintiff is correct that the ALJ's decision on plaintiff's past work is not substantially supported, any error would be harmless given the ALJ's alternative finding discussed above.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner be **AFFIRMED** and this case be closed on the docket of the Court.

Date: 12/2/2021

Karen L. Litkovitz
United States Magistrate Judge

---

[4] It appears that POMS DI 11020.050(B) reflects the principles of administrative res judicata in the context of child's disability benefits. "Social security claimants are bound by the principles of res judicata." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997). Because an "initial determination is binding unless the claimant requests reconsideration or the Commissioner revises its decision," so too a decision on reconsideration that is not appealed has the same res judicata effect for that period of time. *See id.*; *Miller v. Astrue*, No. 3:11-cv-133, 2012 WL 220234, at *1-3 (S.D. Ohio Jan. 25, 2012) (report and recommendation) (applying res judicata to initial determination regarding SSI), *adopted*, 2012 WL 4504545, at *2 (S.D. Ohio Sept. 28, 2012); 20 C.F.R. § 404.957 (allowing ALJ to dismiss a hearing request based on the res judicata effect of either a prior determination or decision). *Cf. Bradshaw v. Astrue*, No. 3:08-cv-118, 2009 WL 3247853 (W.D. Ky. Oct. 7, 2009) (denial of plaintiff's previous application for CDB became final without appeal, meaning "the fact of whether he was disabled before the age of 22 was decided against him, and that fact couldn't be redecided," resulting in dismissal of subsequent application).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL ANTHONY PAYNE,<br>　　　　Plaintiff, | Case No. 1:20-cv-763<br>McFarland, J.<br>Litkovitz, M.J. |
| 　　vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>　　　　Defendant. | |

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).